UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZENOBIA L. DAVIS,

    Plaintiff,

  v.                                                         Case No. 08-C-0612

WALWORTH COUNTY JAIL, et al.,

    Defendant.

**ORDER**

Plaintiff Zenobia L. Davis, who is proceeding pro se, has filed this action seeking relief under 42 U.S.C. § 1983, alleging that her civil rights were violated. Davis is currently incarcerated at Walworth County Jail in Elkhorn, Wisconsin.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. In no

event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, Davis filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of his complaint, as well as the required affidavit of indigence, and the Court issued an order requiring payment of an initial partial filing fee of $125.10. Davis has now filed a letter with the Court, however, indicating that she does not have any money in her account at this time, and seeking an extension of time in which to pay the initial fee. Upon review of Davis' trust account statement, affidavit, and recent letter, I am satisfied that plaintiff is unable to pay the initial partial filing fee or the statutory filing fee in this case. Therefore, the initial partial filing fee will be waived, and leave to proceed *in forma pauperis* will be granted. This means only that the fees will be collected over time, however, it does not mean that Davis is relieved of the obligation to pay the fees. The full $350 will ultimately be assessed out of her trust account.

Next, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

2

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, U.S. , 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon her by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Davis has named as Defendants in this case the Walworth County Jail and Correctional Officer Lorentz, who is employed there. As an initial matter, Davis may not maintain a cause of action against Walworth County Jail. Jails and prisons "are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them." *Maier v. Wood County Courthouse*, 2007 WL 3165825, *2 (W.D. Wis. 2007). Therefore, her claim against the jail itself will be dismissed.

According to Davis, on the evening of June 24, 2006, Defendant Lorentz instructed the female inmates in the "female pod" at the Walworth County Jail to bring their uniforms out of their

3

cells so that the clothing could be laundered. Davis alleges that because she was housed on the second floor of the facility this required that she walk through the pod in her t-shirt and underwear, which fit poorly, exposing private areas of her body. She explains that this was not the usual manner in which laundry was collected, and that she and the other prisoners were required to walk through the pod in a state of partial undress despite their protests that security cameras continued to record their activity. This, she claims, was "sexual harassment."

Both the Fourth and Eighth Amendments have been employed by the courts to analyze claims that guards have observed unwilling inmates in states of undress. Observation of a persons's unclothed body is a form of search under the Fourth Amendment. Therefore, the initial question, is usually whether such monitoring is "unreasonable" under the Fourth Amendment. *Johnson v. Phelan*, 69 F.3d 144, 145 (7th Cir. 1995). However, in *Johnson*, the Seventh Circuit Court of Appeals held that Supreme Court precedent does not allow for any Fourth Amendment right to privacy for prisoners, citing *Hudson v. Palmer*, 468 U.S. 517, 526-30 (1984). The *Johnson* Court explained, "privacy is the thing most surely extinguished by a judgment committing someone to prison," and that in order to take legitimate precautions against drugs, weapons and inter-prisoner violence, "monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory." *Johnson*, 69 F.3d at 146. Nonetheless, the Court acknowledged that "[a]fter holding in *Hudson* that prisoners lack any reasonable expectation of privacy under the fourth amendment, the [Supreme] Court remarked that a prisoner could use the eighth amendment to overcome 'calculated harassment unrelated to prison needs.'" *Id.* at 146 (citing *Hudson*, 468 U.S. at 530). Thus, the *Johnson* Court noted, allegations by inmates that their "privacy" has been invaded by prison guards who have observed them (or caused others to observe them) in a state of undress are

4

best understood as invocations of the Eighth Amendment's ban on cruel and unusual punishment. *Id*. at 147.

Here, Davis' complaint may be liberally construed to allege that while at least partially unclothed and exposed, she was made to walk in front of other inmates, Defendant Lorentz (also female), and operating surveillance cameras for purposes of harassment. At this stage in the proceedings, that is sufficient to state a claim under the Eighth Amendment. Because Davis has set forth a cognizable constitutional claim, the case will proceed.[1]

**THEREFORE IT IS ORDERED** that the Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff may proceed with her claim that Defendant Lorentz violated her Eighth Amendment right to be free from cruel and unusual punishment. For the reasons stated above, however, her claim against the Walworth County Jail is dismissed.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the Defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the Court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the Court or the U.S. Marshals Service.

---

[1] Davis also inquires whether she needs to send a copy of the Court's previous order regarding payment of the initial partial filing fee to the administrator of the Walworth County Jail. The language in the Court's order directing that a copy be sent "to the warden of the institution where the inmate is confined" was addressed to the clerk of courts, who will send a copy of the Court's order to the proper custodian. Therefore, Davis need not take further action in that regard.

5

**IT IS ORDERED** that the Defendant shall file a responsive pleading to the Plaintiff's complaint.

**IT FURTHER ORDERED** that the custodian of the Plaintiff or his designee shall collect from the Plaintiff's prison trust account the $ 350.00 balance of the filing fee by collecting monthly payments from the Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $ 10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden or custodian of the institution where the Plaintiff is confined.

Plaintiff is hereby notified that, from now on, she is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the Defendant or the Defendant's attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to her attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

6

Nothing in this order or in § 1915A precludes the Defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the Defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   31st   day of July, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
